# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

T. LEMKAU & ASSOC., LTD.,

      Plaintiff,        :       Case No. 3:12-mc-009

                                  District Judge Thomas M. Rose
    -vs-                              Magistrate Judge Michael R. Merz

                             :

SOWA TOOL & MACHINE CO., LTD.,

      Defendant.

---

## DECISION AND ORDER

---

This miscellaneous case was filed by Sowa Tool & Machine Co., Ltd. ("Sowa") to enforce a subpoena (the "Subpoena" served on Wohlhaupter Corporation ("Wohlhaupter").  As a miscellaneous case presenting a discovery dispute, the case was automatically referred to the undersigned Magistrate Judge under this Court's General Order of Assignment and Reference (available on the Court's website, www.ohsd.uscourts.gov.)  Discovery motions are within the decisional authority of a Magistrate Judge under 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72.

The Subpoena was issued on February 7, 2012, by attorney Lindsay James, one of the attorneys representing Sowa in the underlying litigation pending between T. Lemkau & Assoc. Ltd. ("Lemkau") and Sowa in the United States District Court for the Eastern District of Michigan before the Honorable Nancy G. Edmunds.  The Subpoena commands Wohlhaupter to produce at a specified location in Cincinnati, Ohio, the following documents:

> 1. All contracts, agreements, and amendments by Wohlhaupter Corporation with Lemkau & Associates LTD.;Lemkau & Associates; Thomas Lemkau (or any of his entities); T. Lemkau & Assoc., Ltd.; Dennis Lemkau (or any of his entities); Dennis N. Lemkau & Associates, Ltd.; Troy Lemkau (or any of his entities); and/or T.R

1

>   Lemkau & Associates, Ltd. since January 1, 2004 to present.
>
>   2. All documentation associated with any sales made by any of the entities or persons identified in paragraph 1 for Wohlhaupter Corporation in Michigan, Ohio, Indiana, West Virginia, Pennsylvania, and Kentucky between [sic] since January 1, 2004 to present.
>
>   3. All documentation associated with any commissions paid by Wohlhaupter Corporation to any of the entities or persons indicated in paragraph 1 in Michigan, Ohio, Indiana, West Virginia, Pennsylvania, and Kentucky between [sic] since January 1,2004 to present.
>
>   4. All correspondence between Wohlhaupter Corporation and any of the entities or persons indicated in paragraph 1.
>
>   5. Any documents related to an Agreement dated on or about January 15m [sic] 2007 between Wohlhaupter Corporation and Lemkau & Associates LTD.

(Exhibit A to Subpoena, Doc. No. 1-4, PageID 49.)

Although no return of service has been filed, apparently Wohlhaupter does not contest that service was properly made on Lisa Pierce, its registered agent for service of process. Wohlhaupter filed no motion to quash the Subpoena, but instead, on the date production was due, Wohlhaupter's counsel, Susan Solle, faxed a letter to issuing counsel embodying the following objections:

1.  The Subpoena seeks trade secret, confidential, and proprietary information of Wohlhaupter.

2.  The information sought is not likely to lead to the discovery of admissible evidence because "the subpoena requests information having no relationship or relevance to the issues in the case, including but not limited to Wohlhaupter's customer and sales information for products not even sold by Defendant."

3.  The request was burdensome because Wohlhaupter "is a small company" and the requested documents are "voluminous."

(Letter, Solle to James, Doc. No. 1-4, PageID 52.) After some non-substantive exchanges, Ms. Solle wrote to Ms. James on March 20, 2012, that

> I have discussed your subpoena at length with my client and even with the limitations that we discussed, there is still significant concern about disclosure of proprietary information regarding, at a minimum, his sales volume, pricing and commission rate, and the burden it will place on the company to gather the requested information. It is difficult to overcome these concerns, particularly when Wohlhaupter is relatively certain that Lemkau did not sell any products for Wohlhaupter that compete with Sowa.
>
> Nonetheless, we are willing to send you a Wohlhaupter catalog and have your client list any tools that Wohlhaupter sells that compete with Sowa. Wohlhaupter should be able to take the part number and search in the computer to see if any of those tools were sold in Michigan during the period of time that Lemkau was a sales rep for both companies. Wohlhaupter is sending me a catalog that I will forward to you upon receipt.

(Email, Solle to James, Doc. No. 1-5, PageID 60.)  Responding to an email from Ms. James' colleague on March 23, 2012, Ms. Solle indicated the Wohlhaupter catalogue had been mailed. (Email, Solle to Van Dusen, Doc. No. 1-6, PageID 64.)

Sowa avers that Lemkau had a contract to represent Sowa as a sales representative in Michigan from May 1, 2004, and in addition in Ohio, Indiana, Kentucky, West Virginia, and western Pennsylvania from August 1, 2007, in which Lemkau agreed not to sell competing lines of products manufactured by others (Motion, Doc. No. 1, PageID 2).  Lemkau has produced in discovery a January 15, 2007, contract with Wohlhaupter to sell products on its behalf in Michigan. *Id.* PageID 3.  Sowa avers further that it and Wohlhaupter "operate in the same line of business and area of business: cutting tools." *Id.* , attaching as Exhibit 6 pages from Sowa's catalog.

**Wohlhaupter's Motion to Strike**

Wohlhaupter moves to strike the Motion to Compel on the grounds that Ms. James, who filed this action on behalf of Sowa, is not admitted to practice in this District (Response in Opposition, Doc. No. 7). In the Reply, Ms. James avers she was advised by a deputy clerk that admission, either

3

as a permanent member of the Bar of this Court or *pro hac vice*, was not necessary in a miscellaneous case such as this (Reply, Doc. No. 8, PageID 113.)

>   S. D. Ohio Civ. R. 83.4(a) provides

>> Unless otherwise ordered, in all actions filed in, transferred to or removed to this Court, all parties other than pro se parties must be represented at all times by a "trial attorney" who is a permanent member of the bar of this Court in good standing. Each filing made on behalf of such parties must identify and be signed by the trial attorney. The trial attorney must attend all hearings, conferences and the trial itself unless excused by the Court from doing so. Admission *pro hac vice* does not entitle an attorney to appear as a party's trial attorney, but the Court may, in its discretion and upon motion that shows good cause, permit an attorney who has been so admitted to act as a trial attorney.

The Rule does not contain any exception for miscellaneous actions, nor does it confer discretion on the Clerk to grant exceptions. While Ms. James cogently argues that the rationale for the Rule applies more clearly in general civil litigation which may extend over a number of years, the rationale also supports requiring at least *pro hac vice* admission even in miscellaneous cases such as this one. The Court is not estopped from applying a correct interpretation of the Local Rules by a deputy clerk's misstatement of them. Wohlhaupter's Motion to Strike is denied, conditional upon Ms. James' applying for *pro hac vice* admission and designation as Sowa's trial attorney in this case not later than May 7, 2012.

**Relevance and Scope**

>   Fed. R. Civ. P. 26(b) as amended December 1, 2000, provides:

>> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location or any books, documents, or other tangible things and the identify and location of person having knowledge of any

4

> discoverable matter. For good cause shown, the court
> may order discovery of any matter relevant to the
> subject matter involved in the action.

Sowa asserts the subpoenaed documents are relevant to whether Lemkau has breached his exclusivity covenant with Sowa which is said to be "the essence of the whole case." (Doc. No. 1, PageID 12.) However, it has not advised this Court of what the claims or defenses are in the underlying litigation. The sought documents probably would have fit within the broader scope of discovery which prevailed from adoption of the Rules in 1938 until the 2000 amendments, as they appear to be relevant to the "subject matter" of the dispute between Lemkau and Sowa. But the post-2000 scope is intentionally narrower and the burden is on Sowa to show relevance to the "claims" or "defenses," which it has not done.

### Burden

The Court agrees with Sowa that Wohlhaupter's objections of undue burden are too general and conclusory. How small is Wohlhaupter? How many files would it have to search? Where are they located? How digitized are they and therefore subject to electronic searching? Wohlhaupter's burden objections to the Subpoena are overruled.

### Contempt

Sowa seeks to have Wohlhaupter held in contempt of court for not producing the documents as ordered and to pay Sowa's costs and attorney fees for filing this action. While contempt is an available sanctions for non-compliance with a subpoena because it is in legal contemplation a court order, in practice it is a party-generated document. To be found contemptuous, an act of

disobedience or resistance to a court order, must be "a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation." *In re Chandler,* 906 F.2d at 250 (quoting *TWM Mfg. Co. v. Dura Corp.*, 722 F.2d 1261, 1272 (6th Cir. 1983)). None of Wohlhaupter's conduct rises to this level and the request for a contempt finding is denied.

### Further Proceedings Ordered

Wohlhaupter requests to have the Motion denied because it does not included a certificate of extrajudicial efforts made to resolve this dispute. While the certificate has not been made in separately from the Motion, Ms. James recites in the Motion itself the extrajudicial discussions had between counsel to attempt to resolve the matter. Under Fed. R. Civ. P. 11(b), her signature on the Motion constitutes her certificate that the "factual representations [made therein] have evidentiary support." The Court finds that to be an adequate certificate of extrajudicial effort.

The problem the Court discerns is that there has not been sufficient extrajudicial effort. Sowa has not advised the Court why identifying products from the Wohlhaupter catalogue which compete with Sowa products is not an appropriate starting point. If that were done, Wohlhaupter has represented (as the Court understands its filings) that it can electronically identify sales of such products made by Lemkau in the six State territory within the relevant time period. If that is the "essence" of the underlying case, why does Sowa need more – and the Subpoena seeks much broader information?[1]

Sowa and Wohlhaupter apparently recognize one another as competitors. If Sowa needs more competitive information in order to defend against Lemkau's claims or pursue its

---

[1] As Wohlhaupter notes, Sowa has never agreed in writing to limit the scope of the Subpoena.

6

counterclaims,[2] why would it not be appropriate for those two parties to agree on a protective order in which the competitive information is limited to attorneys' eyes only? Such protective orders are of course common in litigated exchanges of information between competitors, but the motion papers do not reflect that a protective order has even been discussed.

It is accordingly ORDERED:

1. Sowa shall forthwith review the Wohlhaupter catalogue and advise Wohlhaupter's counsel of which Wohlhaupter products Sowa believes are competitive with which Wohlhaupter products.

2. Within ten days of receipt of that identification, Wohlhaupter will advise Sowa of what sales of those Wohlhaupter products Lemkau made on Wohlhaupter's behalf in the six relevant States in each year since 2004.

3. If Sowa needs more information, it shall detail the additional information it needs in writing to Wohlhaupter's counsel with an identification of the claim or defense in the underlying litigation to which that information is relevant. If Wohlhaupter will not produce such information without further court order, Sowa may renew its motion. Any such renewed motion shall identify for this Court the claims or defenses to which it claims the information is relevant. The renewed Motion shall also disclose to this Court the schedule for the underlying litigation so that any delay here does not interfere with the trial schedule there. This Court will be pleased to discuss terms of a protective order with counsel if that would be useful.

The Motion to Compel is denied without prejudice to its renewal on the terms just stated. Counsel for Sowa shall provide a copy of this Order to Judge Edmunds.

---

[2] And again, the Motion does not tell the Court what the claims and defenses are in the underlying litigation.

May 1, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge
